MR. JUSTICE SHEA,
dissenting:
I dissent. I would hold that Missoula County is responsible for the expenditures. The unfortunate result here is that the Department of Institutions, without even having been notified of the District Court decision in time to object, has been saddled with paying the costs of hospitalization and cost of providing guards at the hospital. The result not only is unfair it is papered over with citations and quotations of authority that have no application to the questions presented to the District Court and to this Court.
At the sentencing hearing it was the defense attorney and the deputy county attorney who requested the District Court to take the action it did. The District Court did so *242 without ever conferring with anyone from the Department of Institutions. Had the Department of Institutions been notified of the contemplated action rather than the completed action, it is possible that it could have made other and satisfactory arrangements for care of the mother and the baby through the time of delivery.
The authority cited by the majority has no application to the facts presented here. Here the District Court committed the defendant to the Department of Institutions. This should have meant that the defendant was in the custody and control of the Department and that the Department could have made appropriate arrangements itself for the proper care of the mother and expected child. The question here is not whether custody passed by operation of law to the Department of Institutions upon the passing of sentence of imprisonment. The question is whether the District Court had the authority to grant custody and control of defendant to the Department on the one hand, but on the other to take it away by never notifying the Department that it had made arrangements for the custody of the defendant up to the time that the baby was delivered. By the action it took, the District Court deprived the Department of any meaningful opportunity to object to the Court’s decision.
In later ruling that the Department must bear the hospitalization and guard expenses the District Court simply sanctified the time-honored rule that if possible make the State pay rather than the local unit of government, a governmental application of the deep pocket theory. This Court has of course, ratified that action by approving the ruling that the State rather than the county must pay.
Here the District Court made a mistake, and I have no doubt it had the authority to correct its own mistake by a ruling that truly passed the custody and control of defendant to the Department of Institutions. Had the Department been timely notified of the decision, it could have objected, and the District Court could have amended its decision to *243 truly turn custody and control of defendant over to the Department of Institutions. I doubt that the Department would have been so callous as not to take care of the real needs of the expectant mother, but it was never given the opportunity to act. The county, not the State, should pay.